# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VIDEOJET TECHNOLOGIES, INC., f/k/a
MARCONI DATA SYSTEMS, INC.,

    Plaintiff,

v.                                                 CASE NO: 8:09-cv-1819-T-26MAP

EAGLE INKS, INC., et al.,

    Defendant.
_____/

## **O R D E R**

Pending before the Court is a motion filed by Defendants Talon Industries, Inc., Graphic Source, Inc., Carmel J. Hohmann, and Michael Bell, in which they seek a stay of discovery with regard to the production of documents and the taking of their depositions scheduled for today and tomorrow. As noted by their counsel, they do not represent Defendants Eagle Inks, Inc., and Frank M. Quaglia, Jr.

Defendants primary argument is that Plaintiff's claims are time-barred under the one-year statute of limitations embodied in section 726.110(1) of the Florida Statutes so that the Court should spare them the expense of engaging in expedited discovery until such time as this dispositive issue has been resolved, hopefully at the preliminary injunction hearing scheduled for Tuesday, November 3, 2009, at 9:30 a.m. Plaintiff has filed an expedited response to the motion in which it argues generally that Defendants have failed to meet their burden of showing good

cause to merit a stay of discovery, citing among other case authorities Feldman v. Flood, 176 F.R.D. 651 (M.D. Fla. 1997). Curiously, Plaintiff fails to address the underlying merits of Defendants' time-bar argument

One of the critical issues the Court must resolve at the upcoming hearing on Plaintiff's motion for a preliminary injunction is whether there is a substantial likelihood that Plaintiff will prevail on the merits such that the Court should extend the constraints imposed on Defendants by the *ex parte* temporary restraining order entered by the Court on October 20, 2009, at docket 7. Recognizing that in the Eleventh Circuit a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the moving party clearly meets the burden of persuasion with regard to the four requirements for being entitled to such an injunction, see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998), and having taken a "preliminary peak" at the statute of limitations issue as argued by Defendants in their motion, the Court concludes that the Defendants have raised a meritorious issue that could be truly case dispositive. See Feldman, 176 F.R.D. at 652-53. The Court agrees, however, with Plaintiff's contention that Defendants have no standing to seek a stay of the depositions of those Defendants who did not join in the motion.

Accordingly, it is ordered and adjudged as follows:

1) The Motion for a Protective Order Temporarily Staying Discovery (Dkt. 16) is granted in part and denied in part.

2) The motion is granted as to Defendants Talon Industries, Inc., Graphic Source, Inc., Carmel J. Hohmann, and Michael A. Bell so that those Defendants are relieved of the obligation to comply with the Notices of Taking Deposition Duces Tecum previously served on them and

their depositions scheduled to commence today (October 29, 2009) and tomorrow (October 30, 2009) are cancelled until further order of this Court.

3) The motion is denied as to Defendants Eagle Inks, Inc., and Frank M. Quaglia, Jr., and they are directed to comply with the Notices of Taking Deposition Duces tecum previously served on them and to appear and testify at their depositions scheduled for today (October 29, 2009).

4) Plaintiff shall file a memorandum of law no later than 12 noon on Monday, November 2, 2009, addressing the issue of why there is a substantial likelihood that it will ultimately prevail on the statute of limitations issue raised by Defendants.

**DONE AND ORDERED** at Tampa, Florida, on October 29, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record